UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVAN MARION,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

Case No. 4:16-cv-11198
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND (DE 17), (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 20), and (3) REMANDING CASE TO THE SOCIAL SECURITY ADMINISTRATION**

I. **OPINION**

   A. **Introduction**

Plaintiff, Evan Marion, brings this action for judicial review of a February 19, 2016 final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income (SSI) benefits. The hearing and decision at issue here occurred during January and March 2015. (R. at 12-45.)[1]

---

[1] Plaintiff previously applied for benefits in November 2010, which lead to a hearing and decision in January and March 2012. (R. at 266-280, 61-112.)

Currently before the Court are the parties' cross-motions for summary judgment, regarding which Plaintiff has filed a reply. (DEs 17, 20, 21.) The parties have consented to my authority. (DE 25, DE 26.) A hearing was held on May 4, 2017, at which Plaintiff's counsel (Wesley James Lamey) appeared in person and Defendant's counsel (AUSA Jeanne D. Semivan) appeared by telephone. The Court considered the parties' arguments, both on the papers and at the hearing, took a recess to deliberate, and then gave several rulings and its reasoning from the bench, <u>all of which are incorporated herein by this reference</u> but are summarized below.

    **B.**    **Rulings**

        **1.**    **Listing 1.04 ("Disorders of the spine")**

The ALJ did not err at Step 3 when determining that Plaintiff's degenerative disc disease (DDD) does not meet Listing 1.04 ("Disorders of the spine"). (R. at 17.) Consistent with my statements from the bench, although these are not entirely repeated here, Plaintiff has not shown how each of Listing 1.04's criteria was met. In particular, I note that the May 13, 2013 evaluation by Dr. J. Beale, M.D. does not indicate that the straight leg raising (SLR) was "sitting and supine," as Listing 1.04A requires. (*See* R. at 535-536.) Moreover, Plaintiff's medical equivalency argument is undeveloped. Finally, even if the ALJ had committed an error, the lack of explanation by the Plaintiff as to how each of the criteria was met or

medically equaled renders any such error harmless, as Plaintiff retains the burden at Step 3. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997).

### 2. Opinion evidence from David Coleman, M.A., L.L.P.C.

The ALJ appropriately considered the August 21, 2013 and December 8, 2014 mental RFC assessments of David Coleman, M.A., L.L.P.C. (R. at 18, R. at 579-582, 658-661.) Consistent with my statements from the bench, although these are not entirely repeated here, a therapist is an "other source," whose opinion "*may*" be used "to show *the severity* of your impairment(s) and how it affects your ability to work." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (emphasis added) (effective pre-March 27, 2017); *see also* 20 C.F.R. §§ 404.1502, 416.902 (effective March 27, 2017). As such, Coleman is not an "acceptable medical source" whose opinion may be used *to establish* an impairment. 20 C.F.R. §§ 404.1513(a), 416.913(a).

### 3. The absence of social limitations in the RFC

As an initial matter, Plaintiff's third statement of error mischaracterizes this argument's content. Although Plaintiff contends that the ALJ "erroneously found work at Step Five[,]" it is clear that Plaintiff is more accurately challenging the ALJ's Step 4 RFC determination. (DE 17 at 24-26.) The Commissioner recognized as much in response. (DE 20 at 23.) For this reason, the Court

construes this argument as an attack on the ALJ's Step 4 RFC determination and finds that the Commissioner is not prejudiced by the Court doing so.

So construed, I conclude that the ALJ erred in his Step 4 RFC determination in that he failed to address Plaintiff's significant social limitations. To be sure, *at Step 2*, the ALJ found that Plaintiff had the severe impairments of depression and anxiety. (R. at 17.) Then, *at Step 3*, when finding that Plaintiff's mental impairments did not meet or medically equal the criteria of listing 12.04 ("Depressive, bipolar and related disorders"), the ALJ concluded that Plaintiff had "only mild restriction" with social functioning. (R. at 17-18.) In so doing, the ALJ **(a)** assigned "great weight" to the November 13, 2013 opinion of state agency consultant Sheila C. Williams-White, Ph.D., to the extent the state psychological consultant opined that Plaintiff had mild difficulties in maintaining social functioning (R. at 160-161, 164-166); **(b)** declined to afford weight to the August 21, 2013 and December 8, 2014 mental RFC assessments of David Coleman, M.A., L.L.P.C., who had opined that Plaintiff was "unable to meet competitive standards" with respect to many "mental abilities and aptitudes needed to do unskilled work," (R. at 579-582, 658-661); and **(c)** favorably cited the October 23, 2013 consultative examination (CE) of psychiatrist H. Gummadi, M.D. as to various aspects of his "sensorium and mental capacity" examination and as to Dr. Gummadi's conclusion that Plaintiff seemed "to be able to understand, retain, and

4

follow simple instructions." (R. at 18, 586.) Then, *at Step 4*, the ALJ notes he "has considered claimant's mental health impairment (and weighted the relevant opinion evidence therefore) at Finding 3 above[,]" additionally concluding that "[e]vidence inconsistent with the assessed [RFC] has been given little to no weight, for reasons discussed." (R. at 21-22.)

Still, consistent with my statements from the bench, although not entirely repeated here, it is not clear to this subsequent reviewer why the ALJ's RFC determination does not include any social limitations. In addition to the foregoing, Dr. Gummadi's medical source statement expressly noted: "[d]ue to his depression with psychosis and some physical limitations, he is restricted to work that involves *brief, superficial interactions with coworkers, supervisors, and the public*[,]" (R. at 583-586 (emphasis added)). Even though the ALJ acknowledged that Dr. Williams-White had reviewed Dr. Gummadi's CE report, the state agency examiner still opined that Plaintiff had "mild" difficulties in "maintaining social functioning," yet also found that he is "moderately limited" in his "ability to interact appropriately with the general public." (R. at 18, R. at 159-161, 165.) It is not evident why Dr. Williams-White seemingly ignored the more severe social functioning conclusions in Dr. Gummadi's opinion, particularly those which relate to interactions with coworkers and supervisors. It is similarly unclear why the ALJ accredited Dr. Gummadi's opinion that Plaintiff is "able to understand, retain, and

5

follow simple instructions[,]" but not his opinion that Plaintiff is only capable of "brief, superficial interactions with coworkers, supervisors, and the public[.]" (R. at 18, 586.) The RFC is devoid of any social limitations.

Moreover, ALJ Blum's March 16, 2015 recognition that Dr. Williams-White's November 13, 2013 opinion to adopt ALJ Smereka's March 16, 2012 limitation of "unskilled work" (R. at 18, 160, 68) does not account for Plaintiff's significant social limitations. While the ALJ's Step 3 determination "finds no good reason to depart from Dr. Williams-White's opinion[,]" and "finds no worsening in the claimant's mental health condition that would require departure from the prior Administrative Law Judge's [RFC] [March 16, 2012] finding of a limitation to unskilled work[,]" (R. at 18, 21, R. at 61-77), the limitation of "unskilled work" does not address Plaintiff's documented deficits in social functioning. As the regulation concerning "skill requirements" provides:

> Unskilled work is work which needs little or no *judgment* to do simple duties that can be learned on the job in a *short* period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and *judgment* are needed. A person does not gain work skills by doing unskilled jobs.

20 C.F.R. §§ 404.1568, 416.968 (emphases added). Here, the limitation to unskilled work addresses Plaintiff's moderate difficulties with concentration,

6

persistence or pace, but does not address his difficulties in interacting with others in the workplace. (R. at 18.)

Therefore, as explained from the bench, it is not clear to this reviewer why the ALJ's RFC determination does not address Plaintiff's significant, well-documented social limitations. The ALJ neither included a social limitation in the RFC itself nor adequately addressed why he failed to do so. The Commissioner argues that any such omission is harmless, because the VE's testimony <u>in the prior hearing (held three years earlier, on</u> January 27, 2012), revealed that the sorter, assembler, and monitor jobs "would . . . accommodate restriction of no more than occasional contact with coworkers or supervisors[.]" (R. at 110.) However, Plaintiff rebuts this argument by noting that "occasional" – which, in Social Security terms, means 1/3 of a working day – does not equate to "brief, superficial interactions." The Court agrees, concluding that such a phrase suggests less than one-third of a working day. As such, this was not harmless error.

In the end, the Court is aware that the argument that the ALJ mischaracterized or "cherry-picked" the record is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner,* 572 F.3d 272, 284 (6th Cir.2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence, deciding questions of credibility,

or substituting the court's judgment for that of the ALJ. *See Ulman v. Commissioner,* 693 F.3d 709, 713 (6th Cir.2012); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir.2007). However, in this case, the Court finds that the ALJ's decision on social functioning lacks clarity.[2] In sum, the ALJ did not credit the social limitations imposed by Dr. Gummadi on October 23, 2013 and, consequently, did not include them in the March 16, 2015 RFC; yet, the ALJ did not explain why. Moreover, Plaintiff's social limitations were not adequately included in the January 27, 2012 hypothetical question to the vocational expert; thus, the Commissioner's harmless error argument on this issue is unavailing. This is an error which must be corrected, either by providing a clear and supported explanation for why the social limitations were not included in the RFC or by including them in a new RFC and a revised Step 5 analysis.

## II.  ORDER

Under a sentence-four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the

---

[2] Although the Court also explained from the bench that a "cherry picking" argument is rarely successful and not necessarily shown here, an opinion which expressly states that "[e]vidence inconsistent with the assessed [RFC] has been given little to no weight," (R. at 22), does start to sound like an ALJ essentially saying, "Anything which agrees with my own foregone conclusions gets fully credited, while anything which does not agree with my opinion does not," or, worse yet, "gets ignored." This type of explanation may, not surprisingly, give concern to a claimant, and should be avoided.

8

cause for a rehearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, the decision should be reversed and the case should be remanded under sentence-four for further consideration. *Faucher v. Sec'y of Health & Human Services,* 17 F.3d 171, 174 (6th Cir. 1994); *see also White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.") (internal quotations omitted).

Here, as outlined above, there is insufficient support for the ALJ's RFC determination – namely the failure to adequately address Plaintiff's social limitations, and the factual issues as to Plaintiff's social limitations have not been resolved. Due to the errors outlined above, and in order for this Court to have an appellate record which would "permit meaningful review," *Wilson*, 378 F.3d at 544, Plaintiff is entitled to an order remanding this case to the Social Security Administration (SSA) pursuant to Sentence Four of 42 U.S.C. §405(g).

Accordingly, Plaintiff's motion for summary judgment or remand (DE 17) is **GRANTED IN PART** and **DENIED IN PART,** Defendant's motion for summary judgment (DE 20) is **GRANTED IN PART** and **DENIED IN PART**, and this case is **REMANDED** to the SSA for action consistent with this opinion.

**IT IS SO ORDERED.**

Dated: May 8, 2017
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 8, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti