UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVAN CARLYLE MARION,

       Plaintiff,                      Case No. 2:16-cv-11198
                                              Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EAJA (DE 32)

### I. BACKGROUND

#### A. Procedural Background

Plaintiff, Evan Carlyle Marion, filed his applications for disability insurance (DI) and supplemental security income (SSI) in October and November 2010, respectively, alleging that he has been disabled since May 25, 2010. (R. at 266, 274.) Plaintiff's applications were denied, and he sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). (R. at 113-136, 170-178, 182-183.) ALJ Anthony M. Smereka held a hearing on January 27, 2012, and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 78-112, 61-77, 137-153.) On June 25, 2013, the Appeals Council denied Plaintiff's request for review. (R. at 55-60.)

On August 13, 2013, Plaintiff filed an application for SSI benefits, alleging that he has been disabled since June 26, 2013. (R. at 292-297.) Plaintiff's application was denied, and he sought a *de novo* hearing before an ALJ. (R. at 154-169, 217-225, 226-230.) ALJ Jerome B. Blum held a hearing on January 21, 2015, and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 28-45, 12-27.) On February 19, 2016, the Appeals Council denied Plaintiff's request for review. (R. at 1-11.) Thus, ALJ Blum's decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action in federal court. (DE 1.) In his motion for summary judgment or remand, he set forth three statements of error: (1) the ALJ's Step 3 determination is improper and not supported by substantial evidence; (2) the ALJ violated the procedural aspect of the treating source rule in evaluating the medical source opinion of David Coleman, MA, LLPC; and (3) the ALJ failed to create an accurate Residual Functional Capacity Assessment and therefore erroneously found work at Step Five. (DE 17 at 15, 16-26.) The Commissioner opposed Plaintiff's motion and filed a motion for summary judgment, asserting that substantial evidence supports the Commissioner's decision. (DE 20.) Plaintiff filed a reply brief in support of his motion. (DE 21.) The parties consented to my authority (DE 26), and a hearing was held on May 4, 2017, at which Plaintiff's counsel (attorney Wesley J. Lamey)

appeared in person and defense counsel (AUSA Jeanne D. Semivan) appeared by telephone. (DE 31.)

On May 8, 2017, the Court issued an Opinion and Order granting in part and denying in part Plaintiff's motion for summary judgment or remand, granting in part and denying in part Defendant's motion for summary judgment, and remanding case to the Social Security Administration. *Marion v. Comm'r of Soc. Sec.*, No. 4:16-CV-11198, 2017 WL 1833122 (E.D. Mich. May 8, 2017) (Patti, M.J.). While the Court affirmed the ALJ's assessment of Listing 1.04 and treatment of opinion evidence from therapist Coleman, the Court construed Plaintiff's third argument as "an attack on the ALJ's Step 4 RFC determination . . . [,]" and concluded that the ALJ "failed to address Plaintiff's significant social limitations." *Marion*, 2017 WL 1833122, *1-*3.

### B. The Instant Motion

In the instant motion, Plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in an amount of $6,912.50, consisting of 39.5 hours at $175.00/hour. (DE 32 at 5, DE 32-2.) In support of this request, Plaintiff alleges that Defendant's position was "not substantially justified." (DE 32 at 3 ¶ 6.)[1]

---

[1] Plaintiff's explanation for the Commissioner's "lack of substantial justification" refers to an error in the ALJ's evaluation of Dr. Peter Smith's opinion. (DE 32 at 3 ¶ 7.) This first sentence of the paragraph appears to be copied and pasted from an

3

The Commissioner opposes Plaintiff's application and argues that her position was substantially justified for several reasons: **(1)** the subtle or obscure nature of the issue on which the case was remanded compared with the prominence of the issues on which the Commissioner prevailed (DE 33 at 5); **(2)** the late clarification of the issue upon which the Plaintiff prevailed (DE 33 at 5-9); and **(3)** the factual reasonableness of the Commissioner's position (DE 33 at 9-10).

Although Plaintiff reserved the right to file a reply in the event the Commissioner argued that "her position was substantially justified," (DE 32 at 4-5 ¶ 9), he has not done so.

## II. STANDARD OF REVIEW

"In separate provisions, the EAJA allows a prevailing party other than the United States to recover fees and expenses incurred 'in any civil action' brought by or against the United States, 28 U.S.C. § 2412(d)(1)(A), or in an 'adversary adjudication' conducted by an agency of the United States, 5 U.S.C. § 504." *Tri–State Steel Const. Co., Inc. v. Herman,* 164 F.3d 973, 977 (6th Cir.1999). Plaintiff filed the instant request pursuant to 28 U.S.C. § 2412, which provides, in pertinent part:

---

EAJA motion filed by Plaintiff's counsel in *Chene v. Colvin*, Case No. 2:15-cv-10576-APP, DE 28 therein at *3 (E.D. Mich. Dec. 12, 2016), but has no application here.

4

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection
>
>> (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). A district court has broad discretion when determining whether fees should be awarded under the EAJA, and its decision will only be overturned if it abuses its discretion. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988); *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). Applying the foregoing authority, an award of fees requires that: 1) the plaintiff was the prevailing party; 2) the government's position was not substantially justified; and, 3) no special circumstances make an award of fees unjust.

A party is considered to have prevailed where it has been the victor in a lawsuit or has "vindicated important rights through a consent judgment." *Citizens Coal. for Block Grant Compliance, Inc. v. City of Euclid*, 717 F. 2d 964, 966 (6th Cir. 1983) (internal quotation marks omitted). The court will generally confer prevailing-party status on a plaintiff who has won a Sentence 4 remand. *Sec'y v. Schaefer*, 509 U.S. 292, 300 (1993). Here, the Commissioner does not appear to dispute Plaintiff's status as a prevailing party on the third issue of the appeal. (DE 32 at 2-3 ¶ 5, DE 33 at 15.) Likewise, the Commissioner does not articulate a basis

5

for finding that any "special circumstances" would make an award of fees unjust, nor does the Court so find.

Instead, the parties dispute whether the Commissioner's position was "substantially justified." (DE 32 at 3 ¶ 6; DE 33 at 5-10.) The Commissioner bears the burden of establishing that her position was substantially justified. *E.W. Grobbel Sons, Inc. v. NLRB*, 176 F.3d 875, 878 (6th Cir. 1999). As the Sixth Circuit has explained, "[t]he government's position is substantially justified if it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d at 494, 498 (6th Cir. 2014). "The Commissioner's position may be substantially justified even if a district court rejects it." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014) (citing *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)). Stated otherwise, "the fact that the Commissioner's decision was found to be supported by less than substantial evidence 'does not mean that it was not substantially justified.'" *Hutchinson v. Comm'r of Soc. Sec.*, No. 12-CV-11337, 2014 WL 2050859, at *4 (E.D. Mich. May 17, 2014) (Murphy, J., adopting report and recommendation of Hluchaniuk, M.J.) (quoting *Bates v. Callahan*, 124 F.3d 196, 196 (6th Cir. 1997)). However, "objective indicia such as a string of losses can be indicative." *Glenn*, 763 F. 3d at 498 (citing *Pierce*, 487 U.S. at 569).

### III. ANALYSIS

As stated above, the Commissioner bears the burden of establishing that her position was substantially justified. *DeLong*, 748 F.3d at 725-726 (citation omitted). The Government discharges its burden by demonstrating that the position had "'a reasonable basis both in law and fact.'" *Glenn*, 763 F.3d at 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

1.   **Prominence**

The Commissioner points out that the Court "found no error with respect to the majority of alleged errors Plaintiff identified[.]" (DE 33 at 5.) True, as the Sixth Circuit emphasized in *Glenn*, 763 F.3d at 498, the substantially justified standard is not "a matter of comparing the number of successful claims to unsuccessful claims in a single appeal." "Rather, the question is whether the government's litigation position *in opposing remand* is 'justified to a degree that could satisfy a reasonable person' and whether it was supported by law and fact." *Id.* at 498-99 (emphasis in original) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

However, in the instant EAJA application, the Commissioner more specifically explains that "the sole argument on which this Court found error . . ." was less "developed and prominent" in Plaintiff's brief than those on which "this Court found no error . . . ." (DE 33 at 5.) "The district court should assess, if the two are distinct, which claim is more prominent in driving the case in order to

7

make the substantial justification determination[.]" *E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013). *See also Amezola–Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (in denying motion for attorney fees under the EAJA, the Court noted that "[t]hese two other claims were also more 'prominent' than the voluntary-departure issue."); *Chene v. Comm'r of Soc. Sec.*, No. 2:15-CV-10576, 2017 WL 840422, at *3 (E.D. Mich. Mar. 3, 2017) (Patti, M.J.) ("the Court remanded on only one of Plaintiff's three statements of error[,]" and "even where the Court remanded, the law was not settled and the Commissioner relied on non-binding case law that supported its position, even if the Court ultimately disagreed with its reasoning.").

Of the approximate 10 pages of argument, the issue on which this case was remanded comprised only two of those pages, and, it was the third of three arguments. (DE 17 at 16-26.) As such, it may be considered the least prominent argument. *Amezola-Garcia*, 835 F.3d at 555 ("The voluntary-departure issue made up only seven pages out of the twenty-five pages of argument in his brief, and it was the last argument made.").

### 2. Late clarification

The Commissioner argues that "the sole argument on which Plaintiff prevailed was not clearly articulated until the hearing held on May 4, 2017." (DE 33 at 5.) This is a fair characterization, considering the related portion of

Plaintiff's brief (DE 17 at 24-26), the Commissioner's brief (DE 20 at 23), the hearing transcript (DE 31 at 27, 60-61), and the Court's May 8, 2017 opinion and order (DE 29 at 3-8). *McKeel v. Comm'r of Soc. Sec.*, No. 14-CV-12815, 2015 WL 5619848, at *3 (E.D. Mich. Sept. 24, 2015) (Drain, J.) (the Court denied Plaintiff's motion for attorney's fees, noting, *inter alia*, that "Plaintiff's success in reversing the denial of benefits was not due to his own efforts, so much as Defendant's mention that no medical expert gave an opinion regarding whether Plaintiff's impairments medically equaled a listing.").

### 3. Reasonableness in fact / articulation errors

The Commissioner argues that her position was "reasonable in fact[,]" because, "[t]o the extent that the ALJ erred in addressing social limitations assessed by Dr. Gummadi, it was in a failure to fully articulate his rationale for declining to adopt such limitations." (DE 33 at 9.) This interpretation of the ALJ's decision is consistent with the Court's opinion, as the Court's discussion of how the ALJ "failed to address Plaintiff's significant social limitations[,]" contains statements such as:

- it is *not clear* to this subsequent reviewer why the ALJ's RFC determination does not include any social imitations.

- It is *not evident* why Dr. Williams-White seemingly ignored the more severe social functioning conclusions in Dr. Gummadi's opinion, particularly those which relate to interactions with coworkers and supervisors.

9

- It is similarly *unclear* why the ALJ accredited Dr. Gummadi's opinion that Plaintiff is "able to understand, retain, and follow simple instructions[,]" but not his opinion that Plaintiff is only capable of "brief, superficial interactions with coworkers, supervisors, and the public[.]" (R. at 18, 586.)

- The ALJ [*did not*] *adequately* address[] why he failed to do so.

- in this case, the Court finds that the ALJ's decision on social functioning *lacks clarity*.

- yet, the ALJ *did not explain* why.

- This is an error which must be corrected, either by *providing a clear and supported explanation* for why the social limitations were not included in the RFC or by including them in a new RFC and a revised Step 5 analysis.

(DE 29 at 4-8 (emphases added); *see also* DE 31 at 61-65.) In the end, the Court reasoned that "there [wa]s insufficient support for the ALJ's RFC determination – namely the failure to adequately address Plaintiff's social limitations, and the factual issues as to Plaintiff's social limitations have not been resolved." The Court then remanded the case "in order . . . to have an appellate record which would 'permit meaningful review[.]'" (DE 29 at 9.)

In *DeLong*, the Sixth Circuit affirmed the denial of EAJA attorney fees where the "fatal flaw" in the hearing officer's opinion was "'*not* in the weight he found was appropriate for various medical opinions,' but rather in his failure to *explain* his findings adequately." *DeLong*, 748 F.3d at 727 (emphasis in original, citation omitted). Such was the case here, where the errors necessitating remand in

this case were "articulation errors" and "failures to explain," and the Commissioner's position was substantially justified.

## IV. CONCLUSION

For the combined reasons stated above, the Court finds that the Commissioner's position on the merits of the appeal had "a reasonable basis both in law and fact[,]" *Glenn*, 763 F.3d at 498, and thus has met her burden of establishing that her position was substantially justified. Accordingly, Plaintiff's application for EAJA fees (DE 32) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 20, 2018                   s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on March 20, 2018, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti